UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Court File No.: 23-CV-02803

David Brandenburg,

    Plaintiff,

vs.

County of Hubbard; Scott Williams, in his official and individual capacity; and Craig Kritzeck, in his official and individual capacity,

    Defendants.

**COMPLAINT**

**JURY TRIAL REQUESTED**

## INTRODUCTION

1. David Brandenburg, the plaintiff in this case, received stitches and emergency medical attention because Defendant Scott Williams used gratuitous force on him that rose to the level of torture – the "infliction of intense pain to the body…to punish…or to obtain sadistic pleasure." *See* BLACK'S LAW DICTIONARY 1528 (8th ed. 2004).

2. After being effectively Tased during his arrest, Plaintiff was bit by Deputy Kritzeck's K-9 Ace, resulting in eleven (11) stitches. Further, after being handcuffed behind his back, Defendant Williams Tased Plaintiff for a second time using a stun gun to Plaintiff's abdomen.

## PARTIES

3. Plaintiff David Brandenburg is a resident of the State of Minnesota.

4. Defendant County of Hubbard ("Hubbard County") is a political subdivision of the State of Minnesota.

5. Defendant Scott Williams is a resident of Minnesota. Williams serves as Sheriff's Deputy for Hubbard County. Williams committed the acts set forth below as an employee of Hubbard County. Plaintiff is suing him in his official and individual capacity.

6. Deputy Craig Kritzeck is a resident of Minnesota. Kritzeck serves as Sheriff's Deputy for

Hubbard County. Kritzeck committed the acts set forth below as an employee of Hubbard County. Plaintiff is suing him in his official and individual capacity.

## JURISDICTION

7. This is an action for monetary and declaratory relief under 42 U.S.C. §§ 1983 and 1988. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1343(a)(3), 1331, and 1367. Venue lies properly in this District pursuant to 28 U.S.C. § 1391, as the events giving rise to this action occurred in this District and, on information and belief, Defendants reside in this District.

## BACKGROUND

8. On February 25, 2022, at approximately 6:44 p.m., Hubbard County Sheriff's Deputies executed a search warrant on the residence and outbuildings of 19171 County Road 1, in Todd Township, Hubbard County, Minnesota.
9. The search warrant was issued based on the belief that Plaintiff, an individual required to register his residence with the Minnesota Bureau of Criminal Apprehension, was residing at a residence not registered with the State and was as a result in violation of his parole.
10. The search warrant was based on information provided by an unnamed informant and was not corroborated by law enforcement.
11. Deputy Scott Williams, Deputy Spencer Stack, Deputy Craig Kritzeck, Deputy Josh Oswald, Deputy Bidel Duran, K-9 Ace, Investigator Bill Schlag, Park Rapids Police Sgt. Mike Mercil, and Park Rapids Police Officer Austin Rittgers all responded to the residence to enforce the search warrant with guns drawn upon arrival to the residence.
12. Park Rapids Police Sgt. Mercil and Officer Rittgers surrounded the perimeter of the house while five Deputies and K-9 Ace approached the front door of the residence.
13. Deputies knocked and announced their presence at the front door of the residence and received no response. After knocking for forty-one (41) seconds, Deputy Williams forcefully entered the residence. Officers again announced their presence and entered the residence.
14. Plaintiff announced his presence at the rear end of the residence in a back bedroom.
15. Officers approached the back bedroom with their guns and Tasers drawn and pointed at

Plaintiff upon approach.

16. Officers advised Plaintiff to exit the bedroom with his hands visible. Plaintiff did not comply. Officers noted a knife sheath on Plaintiff's right hip. Plaintiff reached for the knife sheath while Officers attempted to have Plaintiff exit the bedroom. Plaintiff's intention was to remove the sheath from his belt and lay it on the bed, not to use the knife against law enforcement.

17. As Plaintiff reached for the knife sheath, Deputy Williams deployed his Taser causing Plaintiff to fall to the floor. Deputy Williams's report claims the Taser's initial effect was limited while Deputy Oswald's report claims the Taser was effective. This initial use of force by Deputy Williams in deploying his Taser is not in dispute.

18. Deputy Kritzeck then deployed his K-9 Ace on Plaintiff before Officers attempted to handcuff Plaintiff. K-9 Ace bit Plaintiff's right calf resulting in significant injury causing pain and difficulty standing and walking.

19. Investigator Schlag states in his report that Plaintiff was handcuffed and then Officer Williams utilized a secondary drive stun against Plaintiff prior to escorting Plaintiff out of the residence. Officer Williams states the secondary drive stun was used prior to handcuffing Plaintiff.

20. Plaintiff was brought to St. Joseph's Hospital in Park Rapids, MN due to being struck by the secondary drive stun and being attacked by K-9 Ace causing multiple puncture wounds to his right calf during the incident. Plaintiff required eleven (11) stitches from K-9 Ace's attack.

### FIRST CAUSE OF ACTION

*Excessive Force in Violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments Against Defendants Williams and Kritzeck*

21. Plaintiff restates the allegations contained in the previous paragraphs as if fully set forth herein.

22. The use of force by Defendants Williams and Kritzeck, described above, was objectively unreasonable and violated Plaintiff's Fourth Amendment rights.

23. Plaintiff was not posing a threat to the safety of Defendants or others, had not committed a violent crime, and was neither actively resisting arrest nor attempting to evade arrest by

flight.

24. Defendants Williams and Kritzeck acted under the color of law.

25. The actions of Defendants Williams and Kritzeck, described above, constituted an unlawful seizure in violation of Plaintiff's Fourth Amendment rights.

26. Defendants Williams and Kritzeck willfully engaged in this unconstitutional conduct.

27. It is well established that any conduct that "obstructs, hinders, or prevents the lawful execution of any legal process, civil or criminal, or apprehension or another on a charge or conviction of a criminal offense; obstructs, resists, or interferes with a peace officer while the officer is engaged in the performance of official duties" constitutes obstructing the legal process and can result in a criminal penalty. MINN. STAT. § 609.50 subd. 1 (1)-(2). Here, Plaintiff was not resisting arrest at the time of either Defendant Kritzeck's instruction for the dog to apprehend Plaintiff nor was Plaintiff resisting arrest when he was handcuffed and Defendant Williams administered a stun gun to Plaintiff's abdomen.

28. As a direct and proximate result of this violation of Plaintiff's constitutional rights, Plaintiff suffered harm.

## SECOND CAUSE OF ACTION

*State Law Claim – Assault*

*Against Defendants Hubbard County, Williams, and Kritzeck*

29. Plaintiff restates the allegations contained in the previous paragraphs as if fully set forth herein.

30. Defendants Williams and Kritzeck acted with intent to cause Plaintiff to experience apprehension or fear of immediate harm or offensive contact.

31. Defendants Williams and Kritzeck had the apparent ability to cause harm to, or offensive contact with, Plaintiff.

32. Plaintiff experienced a reasonable apprehension or fear that immediate harm or offensive contact would occur due to the actions of Defendants Williams and Kritzeck.

33. Defendants Williams and Kritzeck acted with malice as it is defined in the context of official immunity, because they intentionally committed the acts described above, which they had reason to believe were legally prohibited.

34. Defendant Hubbard County is vicariously liable for the acts described above by

Defendants Williams and Kritzeck, as these acts were committed in the scope of their employment.

35. As a direct and proximate result of the actions of Defendants, Plaintiff suffered harm.

## THIRD CAUSE OF ACTION

*State Law Claim – Battery*

*Against Defendants Hubbard County, Williams, and Kritzeck*

36. Plaintiff restates the allegations contained in the previous paragraphs as if fully set forth herein.
37. Defendants Williams and Kritzeck intentionally caused harmful or offensive contact with Plaintiff.
38. Defendants Williams and Kritzeck acted with malice as it is defined in the context of official immunity, because they intentionally committed the acts described above, which they had reason to believe were legally prohibited.
39. Defendant Hubbard County is vicariously liable for the acts described above by Defendants Williams and Kritzeck, as these acts were committed in the scope of their employment.
40. As a direct and proximate result of the actions of Defendants, Plaintiff suffered harm.

## DEMAND FOR JURY TRIAL

41. Plaintiff demands a trial by jury on all causes of action listed above.

## REQUEST FOR RELIEF

Plaintiff requests relief as follows:

1. A declaration that the use of excessive force against Plaintiff by Deputy Williams and Deputy Kritzeck violated the Fourth Amendment;
2. Damages compensating Plaintiff for his injuries against all Defendants jointly and severally;
3. Punitive damages against Defendants Williams and Kritzeck;
4. Prejudgment interest;
5. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and
6. For such other and further relief that the Court deems to be just, fair, and equitable.

Dated: <u>September 12, 2023</u>         */s/ Edward R. Shaw*
                                         Edward R. Shaw (#0262912)
                                         Attorney for Plaintiff
                                         722 South 6th Street
                                         Brainerd, MN 56401
                                         Ph: 218.825.7030
                                         Email: lawyer@edshawlaw.com